IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISON
5:25-CV-00062-MR

| | |
|---|---|
| DEVON SCOTT CROSBY,<br><br>  Plaintiff,<br><br>v.<br><br>FNU HINSLEY, et al.,<br><br>  Defendants. | ANSWER AND AFFIRMATIVE DEFENSES |

Defendants Chris Hansley[1], Adam Baker, and Trenton Harrison (collectively "Defendants"), by and through undersigned counsel, answer and respond to Plaintiff Devon Scott Crosby's Complaint [D.E. 1] as follows:

**ANSWERS TO NUMBERED PARAGRAPHS OF FORM COMPLAINT**

**I. THE PARTIES TO THIS COMPLAINT**

I.A. To the extent an answer is required to this section of the Form Complaint, Defendants admit that the Plaintiff in this action is Devon Scott Crosby and that at the time the Complaint was filed, he was an inmate at the Marion Correctional Institution in Marion, North Carolina. Except as specifically admitted, Defendants deny all other allegations.

I.B. It is admitted that, at all times relevant to the Complaint, Defendants were members of the correctional staff of the North Carolina Department of Adult

---

[1] Chris Hansley is the correct name of the Defendant in this matter that Plaintiff referred to as, "Mr. Hinsley."

Correction ("NCDAC") at Alexander Correctional Institution ("Alexander CI"). It is further admitted that all Defendants are sued in their individual capacities. Except as admitted to herein, the allegations in Section I-B, The Defendants, are denied.

## II. BASIS FOR JURISDICTION

Answering Section II, Basis for Jurisdiction, there are no allegations directed to Defendants, and the allegations constitute legal conclusions; therefore, no response is required. To the extent a response is required, it is admitted upon information and belief that Plaintiff's Complaint purports to be a claim under 42 U.S.C. § 1983 and violations of his eighth amendment rights. Except as admitted to herein, the allegations in Section II, Basis for Jurisdiction, are denied.

## III. PRISONER STATUS

Answering Section III, Prisoner Status, it is admitted that, at all times relevant to the Complaint, Plaintiff was a convicted and sentenced state prisoner. Except as admitted to herein, the allegations in Section III, Prisoner Status, are denied.

## IV. STATEMENT OF CLAIM

Answering Section IV, Statement of Claim, Defendants deny the allegations that are directed against them. Defendants further deny that any of Plaintiff's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Except as specifically admitted herein, the allegations in Section IV, Statement of Claim, including subparagraphs A through D, are denied.

## V. INJURIES

Answering Section V, Injuries, Defendants deny the allegations that are directed against them. Defendants further deny that any of Plaintiff's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated. Except as specifically admitted herein, the allegations in Section V, Injuries, are denied.

## VI. RELIEF

Answering Section VI, Relief, Defendants deny that compensatory, declaratory, injunctive relief and/or punitive damages can be construed to be sought by Plaintiff herein against Defendants. It is specifically denied that Plaintiff has asserted any facts sufficient to state a claim for compensatory, declaratory, injunctive relief and/or punitive damages against Defendants. Except as specifically admitted herein, the allegations in Section VI, Relief, are denied.

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Answering Section VII, Exhaustion of Administrative Remedies, there are no allegations directed to Defendants, and therefore no response is required. To the extent a response is required, it is admitted that Plaintiff has submitted numerous grievances pursuant to the Administrative Remedy Procedure during the duration of his incarceration. It is further admitted that said grievances speak for themselves as to their content and the dates submitted. Except as herein admitted, Section VII of Plaintiff's Complaint is denied. Section VII is specifically denied to the extent that it asserts or implies that Plaintiff has exhausted administrative remedies as required

by law in connection with the claims asserted in this action against Defendants. Except as admitted herein, the allegations in Section VII, Exhaustion of Administrative Remedies, are denied.

## VIII. PREVIOUS LAWSUITS

Answering Section VIII, Previous Lawsuits, there are no allegations directed to Defendants; therefore, no response is required.

## IX. CERTIFICATION AND CLOSING

Answering Section IX, Certification and Closing, there are no allegations directed to Defendants; therefore, no response is required.

ANY AND ALL OTHER ALLEGATIONS MADE IN PLAINTIFF'S COMPLAINT [D.E. 1], INCLUDING THE RELIEF REQUESTED AND ANY ALLEGATIONS CONTAINED IN SUPPLEMENTS, EXHIBITS, AND ATTACHMENTS THERETO, EXCEPT AS SPECIFICALLY ADMITTED ABOVE, ARE HEREBY DENIED. FURTHER ANSWERING THE COMPLAINT OF PLAINTIFF AND AS FURTHER DEFENSES THERETO, ANSWERING DEFENDANTS AVER:

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted against Defendants, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants plead this failure in bar of Plaintiff's claims against them.

### SECOND DEFENSE

To the extent Plaintiff seeks to recover money damages from Defendants in their official capacity, the immunity provided by the Eleventh Amendment to the United States Constitution and sovereign immunity bar the recovery of such

damages. The State of North Carolina has not consented to suit or otherwise waived such immunity.

**THIRD DEFENSE**

Qualified immunity shields Defendants in their individual capacities from Plaintiff's claims against them for monetary damages, if any, as Defendants did not violate any clearly-established constitutional rights of which a reasonable person would have known.

**FOURTH DEFENSE**

Defendants deny that they deprived Plaintiff of any right under the Constitution of the United States or other federal law. Plaintiff has failed to allege facts to support a finding that Defendants subjected them to a violation of Plaintiff's rights under the Constitution of the United States or other federal law. Plaintiff's Complaint, construed in the light most favorable to Plaintiff, as a matter of law, does not allege a violation of either the Constitution of the United States or other federal law by Defendants.

**FIFTH DEFENSE**

No act or failure to act by Defendants was the proximate cause of the injuries or damages, if any, complained of by Plaintiff.

**SIXTH DEFENSE**

Plaintiff's Complaint fails to allege sufficient facts to state a claim for punitive damages against Defendants, and Defendants plead such failure in bar of any claim against them for punitive damages. Specifically, Plaintiff's Complaint fails to allege

specific facts sufficient to make out the level of intentional or reckless disregard of injury, or evil motive or intent by Defendants required to support a claim for punitive damages.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Prison Litigation Reform Act. Plaintiff was required to exhaust his administrative remedies with the NCDPS/NCDAC in accordance with the Division of Prisons, Administrative Remedy Procedure ("ARP") policy, Chapter G, § .0300 *et seq*. Defendants specifically plead Plaintiff's failure to exhaust all administrative remedies as a defense to all applicable claims asserted in this action. Defendants reserve the right to move to dismiss Plaintiff's Complaint for failure to exhaust the available administrative remedies pursuant to the NCDPS/NCDAC ARP.

## EIGHTH DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's claims related to any allegations of negligent acts committed by Defendants, as state employees, while acting within the course and scope of their employment with the NCDPS/NCDAC.

## NINTH DEFENSE

Defendants affirmatively assert that they engaged in good faith efforts to comply with the law. To the extent that a reasonable accommodation could not be made, Defendants specifically plead the affirmative defense of undue hardship.

## TENTH DEFENSE

To the extent that any injuries or damages did arise out of the facts alleged by

Plaintiff, such injuries or damages arose out of Plaintiff's own actions or omissions, and thus Plaintiff failed to mitigate his damages, and Defendants plead such failure as a bar to, or requiring a reduction of, Plaintiff's alleged damages.

## ELEVENTH DEFENSE

Plaintiff's Complaint fails to allege sufficient facts to allow Defendants to determine all potentially applicable defenses at this time and, as such, Defendants reserve the right to amend this Answer to include further defenses.

WHEREFORE, having responded to the allegations of Plaintiff's Complaint [D.E. 1], and having asserted the above-noted defenses and immunities, Answering Defendants pray the Court as follows:

1. That Plaintiff's Complaint [D.E. 1] be dismissed with prejudice;
2. That Plaintiff have and recover nothing from Answering Defendants in this action;
3. That costs of this action, including reasonable attorney's fees, be taxed to Plaintiff;
4. For a trial by jury of all issues so triable; and
5. For such other and further relief as the Court deems just and proper.

Respectfully submitted this the 6th day of October, 2025.

JOSHUA H. STEIN
ATTORNEY GENERAL

/s/ James A. Barnes IV
James A. Barnes IV
Special Deputy Attorney General

N.C. State Bar No. 33356
N.C. Department of Justice
P.O. Box 629
Raleigh NC  27602-0629
Telephone:   (919) 716-6786
Facsimile:   (919) 716-6761
E-mail:  jabarnes@ncdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that, on this day, I electronically filed the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of the Court utilizing the CM/ECF system, and I further hereby certify that I mailed this document to the following non-CM/ECF participant, first-class United States Mail, postage prepaid, addressed as follows:

> Devon Scott Crosby
> OPUS No. 1223285
> Marion Correctional Institution
> 355 Old Glenwood Road
> Marion, NC 28752
> *Pro Se Plaintiff*

This the 6th day of October, 2025.

/s/ James A. Barnes IV
James A. Barnes IV
Special Deputy Attorney General